UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


CALVIN O. REDDICK,

               Petitioner

          v.                                C-1-04-674

TIMOTHY BRUNSMAN, WARDEN,

               Respondent


## ORDER

This matter was referred pursuant to 28 U.S.C. § 636 to the United States Magistrate Judge for consideration and report on the Petition for Writ of Habeas Corpus filed by the petitioner pursuant to 28 U.S.C. § 2254.  The matter is before the Court upon the Report and Recommendation of the Magistrate Judge (doc. no. 8) recommending that the Petition for Writ of Habeas Corpus be dismissed, and upon petitioner's objections thereto (doc. no. 9).   The conclusions and recommendations of the Magistrate are that:

1.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. no. 1) be DISMISSED with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2.  In the alternative, the petition should be DENIED with prejudice as petitioner's sole ground for relief is procedurally defaulted and waived.

3.  A certificate of appealability should not issue with respect to the claim alleged in the petition which this Court has concluded is waived and thus barred from review on procedural grounds because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the *Slack* standard.[1]

4.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity*. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## I. Facts

This case involves the following facts, as summarized by the First District Ohio Court of Appeals:[2]

> At trial, the state presented evidence that the eighty-one-year-old victim, Louise Meadows, had purchased a refrigerator in September 2001. Reddick was employed as a delivery person, and on September 11, 2001, he and another employee delivered the refrigerator to Meadow's home. During the delivery, Reddick asked if he could use

---

[1]     Because this Court finds that petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner stated a valid constitutional claim.  *See Slack,* 529 U.S. at 484.

[2]     The factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

the restroom. Meadows allowed him to do so, and when the two men left, she discovered that a box containing approximately $4,000 in cash had been stolen.  The box was later recovered in a car that Reddick had borrowed from his employer. Reddick admitted possessing the money but explained that he had earned it by performing some household chores for Meadows.

On December 1, 2001, in the early afternoon, a man forced his way into Meadows's home and threw her down a flight of stairs. Meadows suffered a broken leg as a result of the fall and later discovered that approximately twenty dollars in cash had been stolen from her home. Meadows subsequently chose Reddick's picture from an array of six photographs and identified him as the perpetrator of the December offenses.

At trial, Reddick presented the alibi testimony of his girlfriend, who testified that Reddick had donated plasma on the date of the December incident and had arrived home at approximately 3:30 p.m. The jury returned a verdict of guilty on all counts.

(doc. no. 3, ex. g at 1–2).

## II.  Procedural History

Petitioner was indicted by the Hamilton County Grand Jury in 2002 on one (1) count for the crime of theft from an elderly person or disabled adult in violation of Ohio Revised Code §2913.02(A)(1), one (1) count for the crime of aggravated burglary in violation of Ohio Revised Code §2911.11(A)(1), one (1) count for the crime of aggravated robbery in violation of Ohio Revised Code §2911.01(A)(3), and one (1) count for the crime of felonious assault in violation of Ohio Revised Code §2903.11(A)(1). (doc. no. 3, ex. a).

4

Petitioner was convicted after a jury trial and sentenced to 18 months on the theft from elderly conviction, 9 years on the aggravated burglary and aggravated robbery convictions, and 3 years on the felonious assault conviction. The trial court further ordered that all but Reddick's aggravated robbery and aggravated burglary convictions were to be served consecutively. (doc. no. 3, exs. b–d).

Represented by new counsel, petitioner filed a timely appeal of his conviction and sentence raising the following assignments of error:

> 1. The jury's finding of Calvin Reddick guilty of theft from an elderly person or disabled adult, aggravated burglary, aggravated robbery, and felonious assault, was in error as the verdict was against the manifest weight of the evidence.

> 2. The trial court erred in failing to suppress the lineup identification of Calvin Reddick by the victim when the procedure used was so suggestive as to be unreliable.

(doc. no. 3, ex. e).  On March 19, 2003, the First District Court of Appeals issued an opinion affirming the trial court's judgment and overruling petitioner's assignments of error. (doc. no. 3, ex. g).

Petitioner, to date, has not filed a direct appeal to the Supreme Court of Ohio.

On June 3, 2003, petitioner filed a pro se application to reopen his direct appeal pursuant to Rule 26(B), Ohio Rules of Appellate Procedure, presenting a claim of ineffective assistance of appellate counsel. (doc. no. 3, ex. h).   On September 2, 2003, the Ohio Court of Appeals denied the application to reopen on the basis of res judicata, finding that the challenge raised by petitioner in his application to reopen the appeal presented a matter that could have been raised in a direct appeal to the Supreme Court of Ohio. (doc. no. 3, ex. j).

The record does not show that petitioner perfected an appeal to the Supreme Court of Ohio on the denial of his Rule 26(B) application. (doc. no. 3, ex. k, docket sheets).  However, petitioner in his traverse asserts that he attempted to perfect an appeal of the denial of his Rule 26(B) application to the Supreme Court of Ohio, but because of a delay caused by the prison's cashier office his financial statement showing his indigency was not timely sent to the Clerk of the Ohio Supreme Court.   Petitioner's appeal was not accepted for filing because his materials were not received within the 45 day time period prescribed by the rules of court. (doc. no. 7, exs. a, b).

6

On September 29, 2004[3], petitioner filed a Petition for Writ of Habeas Corpus in this Court raising a single ground for relief: "The Appellate Court abused its discretion by denying appellant's 26(B) Motion under the doctrine of res judicata." (doc. no. 1 at 5). In a memorandum in support of the petition, petitioner argues that appellate counsel was deficient by failing "to brief any assigned errors concerning ineffective assistance of trial counsel." (doc. no. 1, memorandum at 1).

Respondent contends the petition is barred by the statute of limitations and, in any event, his single claim for relief is procedurally defaulted. For the reasons that follow, the Court agrees, in part, and disagrees, in part, with respondent.

## III.  Statute of Limitations.

Respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214.  Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the

---

[3]     The petition was actually received by the Clerk of Court on September 21, 2004, but not filed until September 29, 2004 when the $5.00 filing fee was received by the Clerk.

date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In the instant case, petitioner's conviction became final on May 3, 2003, when the time expired for petitioner to file a notice of appeal in the Ohio Supreme Court.  Under Ohio law, petitioner was required to file an appeal to the Ohio Supreme Court within forty-five (45) days after the Ohio Court of Appeals' final decision on direct appeal, which was entered on March 19, 2003.  *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio.  *See also Lucas v. Carter,* 46 F. Supp.2d 709, 711 (N.D. Ohio 1999).  Therefore, the statute of limitations began to run on May 3, 2003, and expired one year later on May 3, 2004 absent the application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.  Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S.

1210 (2000).  *See also Bennett v. Artuz,* 531 U.S. 4, 8–9 (2000).  On June 4, 2003, petitioner filed his Rule 26(B) application to reopen his direct appeal, at which point the statute of limitations had run for 31 days. The statute of limitations was tolled for 136 days until the Ohio Court of Appeals denied petitioner's Rule 26(B) motion (on September 2, 2003) and the 45 day time limit for appealing such denial to the Supreme Court of Ohio expired (October 17, 2003).  At that point, the statute of limitations resumed running.  Because petitioner did not perfect an appeal to the Supreme Court of Ohio or file any other post–convictions motions, the statute of limitations expired 334 days later on September 16, 2004. Petitioner's habeas corpus petition was filed in this Court on September 29, 2004. In United States Federal Courts, however, a petitioner's application is considered filed  when it has been turned over to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 273 (1988). This petitioner's application is, therefore, considered filed with the District Court on the date that he signed it, September 14, 2004. (doc. no. 1) The Court finds that the petitioner did file his application for habeas corpus within the statutorily permitted period, and, thus, declines to adopt the recommendation of the Magistrate Judge that the application be found barred by the statute of limitations.

## IV. Procedural Default

The petitioner has nevertheless procedurally defaulted his single claim for relief.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985). If the petitioner fails to do so, he may have waived the unraised claims for purposes of federal habeas corpus review. *See Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

Federal courts may not consider "contentions of federal law that are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). If petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural

10

default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan,* 526 U.S. at 847–48; *Harris v. Reed,* 489 U.S. 255, 260–62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). The Sixth Circuit applies a four–part test to determine if a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001), *cert. denied*, 535 U.S. 1031 (2002), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). In determining whether a state court rested its holding on a procedural default so as to bar federal habeas review, "the last state court rendering a judgment in the case must have based its judgment on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000), citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991). Normally, a federal habeas court will find

11

that a petitioner procedurally defaulted if the last state court rendering a decision makes a plain statement to that effect. *Harris,* 489 U.S. at 261. No such statement is necessary, however, if the petitioner failed to present the relevant issues to the state court. *Id.* at 263 n. 9. *See also Teague v. Lane*, 489 U.S. 288, 297-298 (1989) (plurality opinion)("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). In that event, the federal habeas court may hold the claim procedurally defaulted "if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

If, because of a procedural default, a petitioner can no longer present his claims to a state court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). To be credible, such a claim "requires petitioner to support his allegations of constitutional error with new reliable evidence-whether

12

it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324.

In this case, petitioner has procedurally defaulted his single ground for habeas relief that "The Appellate Court abused its discretion by denying appellant's 26(B) Motion under the doctrine of res judicata." (doc. no. 1 at 5).  First, the ineffective assistance of appellate counsel claim presented to the state court is different from the one presented to this federal court on habeas review.  In his Rule 26(B) motion, petitioner argued his appellate counsel was ineffective because "he failed to argue Assignments of Error which would have dealt more specifically with the trial transcripts and proceedings of the unreliability and suggestive nature of the Photo Lineup." (doc. no. 3, ex. h, memorandum at 1).  Specifically, petitioner raised the issue of "why appellate counsel did not raise the testimony adduced at trial of the unreliability of Ms. Meadows testimonial identification, based on the suggestiveness of the police officers inducements, who presented the photo array." (doc. no. 3, ex. h, memorandum at 3).  The petitioner went on to cite to specific portions of the trial transcript which he believed showed that Ms. Meadow's testimony was unreliable. (doc. no. 3, ex. h, memorandum at 3–6).  In contrast, petitioner's claim in the instant federal habeas petition is that appellate counsel was ineffective because he failed to raise the ineffectiveness of trial counsel on direct appeal.  Petitioner's arguments before the Ohio Court of Appeals were directed solely at appellate counsel's alleged failure to "deal[] more specifically

13

with the trial transcripts and proceedings," not the effectiveness of trial counsel, and that court's ruling on the Application to Reopening was limited to such issue. (doc. no. 3, ex. j at 1–2).  Petitioner never properly presented to the state courts the claim that appellate counsel was constitutionally ineffective for failing to raise the ineffective assistance of trial counsel issue on direct appeal.  Because petitioner did not provide the state's highest court with the opportunity to consider this claim, petitioner failed to satisfy the "fair presentation" requirement set forth in 28 U.S.C. § 2254(b)(1), (c).  *See O'Sullivan*, 526 U.S. at 845; *Leroy*, 757 F.2d at 97, 99–100.  Therefore, he has waived such claim absent a showing of cause and prejudice or a fundamental miscarriage of justice.

Petitioner also committed a second procedural default of his ineffective assistance of appellate counsel claim by failing to appeal to the Supreme Court of Ohio after the Ohio Court of Appeals denied his Rule 26(B) application to reopen. This default also results in a waiver of the claim in this Court unless petitioner demonstrates there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

As cause for his default, petitioner argues the prison cashier's failure to timely mail his financial statement to the Ohio Supreme Court resulted in the untimely appeal to that court. "Cause" must be something external to the petitioner and the defense that prevented petitioner's compliance with a state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Maples v. Stegall*, 340

14

F.3d 433, 438 (6th Cir. 2003).  The Court finds the reason proffered by petitioner constitutes "cause" for this procedural default.  *See Maples*, 340 F.3d at 438 (prison mailroom officials' inaction, which resulted in pro se petitioner's application for leave to appeal being one day late constituted cause to excuse the procedural default).  The prejudice resulting from the delayed receipt of petitioner's appeal to the Ohio Supreme Court is that court's refusal to consider his claim of ineffective assistance of appellate counsel. *Maples,* 340 F.3d at 439. Therefore, the Court must examine the merits of petitioner's ground for relief.  In doing so, however, petitioner is faced with yet another procedural default which requires the dismissal of his petition.

The federal habeas petition asserts the Ohio Court of Appeals erred when it denied petitioner's Rule 26(B) application to reopen his direct appeal on the basis of res judicata.  The Ohio Court of Appeals denied the Rule 26(B) motion finding that "[a]ppellate counsel's performance with respect to this matter could have been raised on appeal to the Ohio Supreme Court[4]," but petitioner "did not appeal to the supreme court the judgment of this court affirming his convictions" and did not "offer any reason why the application of the doctrine of res judicata to bar this claim would be unjust." (doc. no. 3, ex. j at 1).  The state appellate court concluded that res judicata barred consideration of petitioner's claim and denied

---

[4]     In Ohio, "[c]laims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals or in a direct appeal to the Supreme Court pursuant to Section 2(B)(2)(a)(iii), Article IV of the Ohio Constitution." *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204, 1205 (1992).

15

the application to reopen. *Id.*

Since the issue of ineffective assistance of appellate counsel could have been raised on direct appeal to the Supreme Court of Ohio but was not, the procedural bar of res judicata foreclosed any further litigation of the claim on its merits. Thus, petitioner procedurally defaulted his ineffective assistance of appellate counsel claim by failing to raise such claim on direct appeal to the Ohio Supreme Court.[5]

The Ohio Court of Appeals actually enforced the state procedural bar to any further consideration of this claim when it denied petitioner's application to reopen his direct appeal pursuant to Rule 26(B) on the basis of res judicata. (doc. no. 3, ex. j). The procedural bar of res judicata is an adequate and independent state ground upon which the state can rely to foreclose review of petitioner's ineffective assistance of appellate counsel claim[6] as well as other federal constitutional claims. *See Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004);

---

[5]     Even assuming the Court viewed this case as one involving the failure to exhaust because petitioner may still file a motion for delayed appeal in the Ohio Supreme Court pursuant to Ohio Supreme Court Practice Rule II, Section 2(A)(4)(a), petitioner does not meet the requirements for stay and abeyance as set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner has failed to show or articulate any reason whatsoever for not filing a direct appeal with the Supreme Court of Ohio and thus has failed to establish "good cause" for his failure to exhaust his ineffective assistance of appellate counsel claim first in state court. *Id.* at 277.

[6]     "[T]he Supreme Court of Ohio has repeatedly ruled that even having the ability to raise the issue of ineffective assistance of appellate counsel in the supreme court may properly invoke res judicata to bar an App. R. 26(B) application." *State v. Krzywkowski*, 2003 WL 21356731, *1 (Ohio App. 8 Dist.), citing *State v. Terrell*, 72 Ohio St.3d 247, 648 N.E.2d 1353 (1995); *State v. Dehler*, 73 Ohio St.3d 307, 652 N.E.2d 987 (1995); *State v. Colombo*, 73 Ohio St.3d 306, 652 N.E.2d 987 (1995); *State v. Hill*, 78 Ohio St.3d 174, 677 N.E.2d 337 (1997); *State v. Gillard*, 85 Ohio St.3d 363, 708 N.E.2d 708 (1999). *See also State v. Hutton*, 100 Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); *State v. Cooey*, 99 Ohio St.3d 345, 346, 792 N.E.2d 720, 721 (2003).

16

*Coleman v. Mitchell*, 268 F.3d 417, 429 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000), *cert. denied*, 531 U.S. 1082 (2001); *Van Hook v. Anderson*, 127 F. Supp.2d 899, 916–917 (S.D. Ohio 2001).  Thus, the first three *Maupin* factors are satisfied.

Because petitioner has procedurally defaulted his ineffective assistance of appellate counsel claim, he has waived such claim for purposes of federal habeas corpus review in the absence of any showing by him of "cause" for his default and actual prejudice as a result of the alleged error, or that failure to consider the claim will result in a "fundamental miscarriage of justice."  *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.  Petitioner has not provided any justification as "cause" for not filing a direct appeal with the Ohio Supreme Court, nor has he shown that failure to consider his ineffective assistance of appellate counsel claim will result in a "fundamental miscarriage of justice."  A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 495–96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).  As previously indicated, such a claim must be supported by new reliable evidence, which petitioner has failed to do. *Schlup,* 513 U.S. at 324.   Thus, petition's sole ground for relief is waived.

## FINDINGS

Upon careful consideration of the petitioner's objections, and upon

conducting a *de novo* review of the record, especially in light of petitioner's objections, the Court finds that petitioner's contentions regarding procedural default have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant further responses by this Court.  The Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and the Court agrees with the Judge that petitioner's claim is waived.  The Court, however, declines to adopt the Magistrate Judge's recommendation that the petitioner's application for writ of habeas corpus be found to be barred by the statute of limitations.

Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge's recommendation that the petitioner's claim be found waived and thus procedurally defaulted.   The Court **REVERSES**  that portion of the Magistrate Judge's Report and Recommendation suggesting that petitioner's application is barred by the statute of limitations. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. no. 1) is **DISMISSED WITH PREJUDICE**.

- 18 -

A certificate of appealability shall not issue with respect to the claim alleged in the petition which this Court has concluded is waived and thus barred from review on procedural grounds because under the applicable two-part standard enunciated in *Slack,* 529 at 484-85, "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the *Slack* standard.[7]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENIES** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade,* 117 at 952.

**This case is hereby DISMISSED AND TERMINATED on the docket of this Court.**

**IT IS SO ORDERED.**

　　　　　　　　　　　　　_s/Herman J. Weber_____
　　　　　　　　　　　　　**Herman J. Weber, Senior Judge**
　　　　　　　　　　　　　**United States District Court**

---

[7]　　　Because this Court finds that petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner stated a valid constitutional claim. *See Slack,* 529 U.S. at 484.